UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDRA LAMBERT,

    Plaintiff,                                  Civil Action No. 10-CV-11816

vs.                                             HON. BERNARD A. FRIEDMAN

MONROE BANK & TRUST,

    Defendant.
_____/

## OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is presently before the court on defendant's motion for summary judgment [docket entry 27]. Plaintiff has responded and defendant has replied. Pursuant to E.D. Mich. 7.1(f)(2), the court shall decide the motion on the briefs.

This is an age discrimination case. Plaintiff, who worked for defendant until February 2009 as an assistant bank branch manager, alleges she was discharged at least in part because of her age (48), in violation of the Age Discrimination in Employment Act ("ADEA"). Defendant denies that plaintiff's age was a factor in its decision to discharge plaintiff and maintains that she and one other assistant branch manager (age 30) were discharged based on a neutral scoring system as part of a reduction in force that resulted in two of defendant's 28 branches being closed.

The burdens of proof in ADEA actions in a reduction in force setting have been articulated as follows:

> The ADEA prohibits an employer from discriminating against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's age. 29 U.S.C. § 623(a)(1). An ADEA plaintiff must prove by a preponderance of the evidence, either direct or circumstantial, that age was the but-for cause of the challenged employer decision. *Gross*

*v. FBL Fin. Services, Inc.*, ⎯⎯ U.S. ⎯⎯, 129 S.Ct. 2343, 2351 n. 4, 174 L.Ed.2d 119 (2009). . . .

In analyzing circumstantial evidence in ADEA cases, this circuit applies the *McDonnell Douglas* framework.[1] *Geiger*, 579 F.3d at 622. A plaintiff sets forth a prima facie case of age discrimination through circumstantial evidence by establishing: 1) that he was a member of a protected class; 2) that he suffered an adverse employment action; 3) that he was qualified for the position held; and 4) that he was replaced by someone outside of the protected class, *id.* at 622, or that he was treated differently than similarly situated employees outside the protected class, *see Martin v. Toledo Cardiology Consultants, Inc.,* 548 F.3d 405, 410 (6th Cir.2008). If a plaintiff is terminated as part of a work force reduction, "this court has modified the fourth element to require the plaintiff to provide 'additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons.'" *Geiger*, 579 F.3d at 623 (*citing Barnes v. GenCorp.,* 896 F.2d 1457, 1465 (6th Cir.1990)).

\*   \*   \*

. . . "Where . . . there is a reduction in force, a plaintiff must either show that age was a factor in eliminating his position, or, where some employees are shifted to other positions, that he was qualified for another position, he was not given a new position, and that the decision not to place him in a new position was motivated by plaintiff's age." *Scott v. Goodyear Tire & Rubber Co.*, 160 F.3d 1121, 1126 (6th Cir.1998) (*quoting Hawley v. Dresser Indus., Inc.*, 958 F.2d 720, 723 (6th Cir.1992)). "The purpose of the additional

---

[1] In the present case, the *McDonnell-Douglas* framework applies because plaintiff has no direct evidence of age discrimination. "Direct evidence of discrimination is that evidence which, if believed, *requires the conclusion* that unlawful discrimination was at least a motivating factor in the employer's actions." *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir.2003) (emphasis added). "For example, a facially discriminatory employment policy or a corporate decision maker's express statement of a desire to remove employees in the protected group is direct evidence of discriminatory intent." *Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir. 2000). The allegedly discriminatory comments (discussed *infra*) made by defendant's human resources manager, Barbara Klemans, are not direct evidence because, as plaintiff herself concedes, they do not directly state an intent to discriminate based on age but must be "interpreted." Pl.'s Resp. Br. at 12.

> evidence requirement is to ensure, in reduction of force cases, that the plaintiff has presented evidence to show that there is a chance the reduction in force is not the reason for the termination." *Asmo v. Keane, Inc.*, 471 F.3d 588, 593 (6th Cir.2006).

*Johnson v. Franklin Farmers Co-op.*, 378 F.App'x 505, 507-10 (6th Cir. 2010) (footnotes omitted).

> Once a plaintiff satisfies her prima facie burden, the burden of production shifts to the employer to articulate a legitimate nondiscriminatory reason for the adverse employment action. *Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 394 (6th Cir.2008). If the employer meets this burden, the burden of production shifts back to the plaintiff to show that the employer's explanation was a mere pretext for intentional age discrimination. *Id.* The burden of persuasion, however, remains on the ADEA plaintiff at all times to demonstrate "'that age was the "but-for" cause of their employer's adverse action.'" *Geiger*, 579 F.3d at 620 (*quoting Gross*, 129 S.Ct. at 2351 n. 4).

*Schoonmaker v. Spartan Graphics Leasing, LLC*, 595 F.3d 261, 264 (6th Cir. 2010). Pretext can be shown "by offering evidence that the employer's proffered reason had no basis in fact, did not actually motivate its decision, or was never used in the past to discharge an employee." *Smith v. Chrysler Corp.*, 155 F.3d 799, 805-806 (6th Cir. 1998).

      In the present case, plaintiff's ADEA claim fails for two independent reasons. First, plaintiff has failed to state a prima facie case of age discrimination because she has not produced additional, probative evidence that defendant singled her out for discharge because of her age, as is her burden in the reduction of force context.[2] As the Sixth Circuit has noted:

---

[2] Plaintiff does not appear to deny that this is a reduction in force case. Klemans has testified that two of defendant's branches were closed and two of its assistant branch managers were discharged as part of a reduction in force that took place in February 2009. *See* Klemans' Dep. at 19, 61; Klemans' Decl. ¶ 2. Plaintiff has offered no argument or evidence to the contrary.

...

> Because his discharge and failure to be re-hired arose from a work force reduction, Geiger must meet a heightened standard to establish a prima facie case. *See Asmo v. Keane, Inc.*, 471 F.3d 588, 592-93 (6th Cir.2006). It is undisputed that Geiger has presented evidence to establish the first three elements of the McDonnell Douglas test. . . . However, "because the most common legitimate reason for the discharge of a plaintiff in a [reduction in force] situation is the work force reduction, the plaintiff must provide 'additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons.'" *Brune & Ashing v. Basf Corp.*, 234 F.3d 1267, 2000 WL 1597908, at *3 (6th Cir.2000) (table) (quoting *Barnes*, 896 F.2d at 1465). "'The guiding principle [in a work force reduction case] is that the evidence must be sufficiently probative to allow a factfinder to believe that the employer intentionally discriminated against the plaintiff because of age.'" *Gragg v. Somerset Tech. Coll.*, 373 F.3d 763, 767-68 (6th Cir.2004) (*quoting Barnes*, 896 F.2d at 1466).

*Geiger v. Tower Auto.*, 579 F.3d 614, 623-34 (6th Cir. 2009). The Sixth Circuit has indicated this heightened burden can be met by showing that plaintiff possesses superior qualifications than those of a younger worker who was retained, by pointing to the employer's discriminatory statements, or with statistical evidence. *See Barnes*, 896 F.2d at 1466.

Plaintiff's additional evidence is not sufficiently probative to state a prima facie case. Plaintiff first points to comments made by Barbara Klemans, defendant's human resources manager, during plaintiff's February 6, 2009, termination interview. Plaintiff and her husband recorded the conversation, apparently secretly, and an unauthenticated transcript is attached to plaintiff's response brief as Ex. D. At one point in the conversation, Klemans appeared to indicate that when bank branches close the tellers (CSRs) enter a "pool" and may be hired by the bank elsewhere or at a later time. Klemans appeared to refer to the CSRs as "the younger generation." While plaintiff does not develop this argument, she seems to suggest that Klemans' comment is evidence of age discrimination because it shows defendant permits its younger workers to enter a pool for possible

rehire whereas the assistant branch managers (who presumably are older, but plaintiff offers no evidence on this point) are not afforded this opportunity. The court does not believe that Klemans' "younger generation" comment can reasonably be spun in the direction plaintiff suggests. Nor does the court see anything in this "transcript" that is indicative, even in the slightest degree, that plaintiff was singled out for discharge because of her age.

Plaintiff next points to an affidavit from a branch manager, Debra White, who was discharged in June 2008 at age 52. White avers that during her termination interview Klemans said White "was being discharged . . . because I was 'not a good fit' for the bank and that the bank was 'going in a different direction'" and that Klemans advised White to tell customers that she "'decided to do something different at this phase of my life and that I am excited and looking forward to this change.'" Plaintiff argues these statements "suggest Klemans has a state of mind tending to classify and particularize (discriminate against) older employees." Pl.'s Resp. Br. at 9. The court rejects this argument as ridiculous. Klemans' comments can in no way be interpreted as discriminatory.

Plaintiff has failed to state a prima facie case because she has not produced any additional evidence, which is required in the reduction of force context, to show that she was singled out and discharged because of her age. However, even if plaintiff had stated a prima facie case, her claim would fail for a second reason, namely, because she has failed to demonstrate that defendant's stated reason for discharging her is pretextual.

Klemans has testified that, in order to determine which two to discharge, defendant evaluated all 28 of its assistant branch managers using a scoring system that considered their tenure, their "recent review rating," their "prior review rating," and whether they were under any warnings for misconduct. These four categories were weighted, respectively, 20%, 40%, 30% and 10%. The

5

points in each category were multiplied by the respective percentages and then added together to arrive at a total score. The two employees selected for discharge, plaintiff and one other, received the lowest total scores under this formula.

Plaintiff does not appear to object in principle to defendant's grid or the factors it included. Rather, she argues her score would have been higher if defendant had used her most recent (six-month) evaluation instead of her most recent *annual* evaluation for the "recent review rating" category. On her January 2008 evaluation, the most recent annual evaluation which defendant used in this category, plaintiff received an overall performance rating of "does not consistently meet," which yielded zero points. On her September 2008 six-month evaluation, plaintiff received a performance rating of "fully meets," which, had it been used in the "recent review rating" category, would have yielded 1.6 points (4 x 40%). If plaintiff had received 1.6 points in this category, instead of the zero actually scored, she contends her overall point total would have been 3.8, not 2.2, thereby raising her score into the mid-range of the 28 assistants.[3]

Plaintiff has not shown that defendant's scoring system was pretextual. Plaintiff's argument that defendant could or should have used her six-month evaluation, rather than her less favorable annual evaluation, merely challenges defendant's business judgment and does not provide

---

[3] Defendant notes that if plaintiff's September 2008 ("fully meets") six-month evaluation had been used as the "recent review rating," then her January 2008 ("does not consistently meet") annual evaluation would have been used as the "prior review rating." In this event, plaintiff would have received 1.6 points (4 x 40%) in the first category and 0 points (0 x 30%) in the second, thereby raising her total score from 2.2 to 3.2, not 3.8 as plaintiff contends. A score of 3.2 would have placed plaintiff not in the mid-range but only third from the bottom, and Barb Vagt (age 51) would have been discharged instead of plaintiff (age 48). *See* Klemans' Second Decl. ¶¶ 14-15. This scenario undercuts plaintiff's argument that defendant's scoring system discriminated based on age or that defendant somehow manipulated the system in order to engineer plaintiff's discharge while retaining younger employees.

a basis for concluding that the scoring system was not actually used or that age was in fact a motivating factor in deciding which employees to discharge.  Nor has plaintiff succeeded in demonstrating that defendant manipulated the scoring system by using six-month evaluations for some employees and annual evaluations for others.  In support of this latter argument plaintiff cites vaguely to her Ex. L, which consists of six-month evaluations for ten of the assistant branch managers produced by defendant in discovery.  Defendant's reply brief is supported by a second declaration of Barbara Klemans, who avers that "[o]nly annual evaluations were used on the Job Analysis Grid," and produces the annual evaluations actually used in scoring the ten employees questioned by plaintiff.  There is, quite simply, no evidentiary support for plaintiff's contention that defendant was inconsistent in how it evaluated its assistant branch managers.  Klemans' second declaration, and the attached evaluations, conclusively demonstrate that all assistant branch managers, including plaintiff, were evaluated on the same, neutral basis.

For the reasons stated above, the court concludes that plaintiff's ADEA claim fails both because plaintiff has not stated a prima facie case and because she has not shown that defendant's stated, nondiscriminatory reason for discharging her was pretextual.  Accordingly,

IT IS ORDERED that defendant's motion for summary judgment is granted.


                                            S/Bernard A. Friedman_____
                                            BERNARD A. FRIEDMAN
                                            SENIOR UNITED STATES DISTRICT JUDGE

Dated:  August 8, 2011
       Detroit, Michigan